## WILLIAM T. MERRIFIELD *vs.* NATHAN A. LOMBARD.

The owner of land, through which a natural stream of water passes, has no right to use the water for such purposes as will corrupt it, to the material injury of the riparian owners below.

BILL IN EQUITY, setting forth that the plaintiff is the owner of land bordering upon a natural stream in Worcester; that he has a factory upon his said land, with steam-power, and has used the water of the stream for his boiler; that the defendant, within the last three years, being a manufacturer, has thrown vitriol and other noxious substances into said stream, a short distance above the plaintiff's factory, by means of which the water has been corrupted, so that it has corroded the plaintiff's engines and boilers, and been rendered unfit for use; and that the defendant has refused to discontinue such practice, though requested. The prayer was for an injunction, and other relief.

The answer alleged that the plaintiff's factory was built since that of the defendant, and below the same, and that for more than twenty years before the filing of this bill, and before the building of the plaintiff's mill, he used his mill and premises in the same manner now complained of, and admitted the effect upon the plaintiff's machinery, and the request to discontinue the use, as charged.

The parties agreed that, in the use of the premises by the defendant, or those under whom he claims, twenty years prior to the filing of the bill, only small quantities of vitriol and other noxious substances were thrown into the stream, and produced no perceptible injurious effects to the water of the stream, and the injurious effects to the engine and machinery of the plaintiff have only been apparent for the last eight years.

The case was reserved by *Hoar*, J., for the determination of the whole court.

*W. Brigham*, for the plaintiff, cited *Stonehewer* v. *Farrar*, 6 Q. B. 730; *Bealey* v. *Shaw*, 6 East, 208; *Mason* v. *Hill*, 5 B. & Ad. 1; *Tyler* v. *Wilkinson*, 4 Mason, 400; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; *Thomas* v. *Brackney*, 17 Barb. 654.

*E. B. Stoddard*, for the defendant, in addition to some of the above cases, cited *Carhart* v. *Auburn Gas Light Co.* 22 Barb. 310; *Saunders* v. *Newman*, 1 B. & Ald. 258.

BIGELOW, C. J.   The case, as made by the bill, answer and agreed facts, establishes a clear invasion of the plaintiff's right by the defendant.   The law requires of a party through whose land a natural watercourse passes that he should use the water in such manner as not to destroy, impair or materially affect the beneficial appropriation of it by the proprietors of land below on the same stream.   Each riparian owner has the right to use the water for any reasonable and proper purpose, as it flows through his land, subject to the restriction that he shall not thereby deprive others of a like use and enjoyment of the stream as it runs through their land.   Any diversion or obstruction of the water which substantially diminishes the volume of the stream, so that it does not flow *ut currere solebat*, or which defiles and corrupts it to such a degree as essentially to impair its purity and prevent the use of it for any of the reasonable and proper purposes to which running water is usually applied, such as irrigation, the propulsion of machinery, or consumption for domestic use, is an infringement of the right of other owners of land through which a watercourse runs, and creates a nuisance for which those thereby injured are entitled to a remedy.   An injury to the purity or quality of the water, to the detriment of other riparian owners, constitutes, in legal effect, a wrong and an invasion of private right, in like manner as a permanent obstruction or diversion of the water. It tends directly to impair and destroy the use of the stream by others for reasonable and proper purposes.   *Mason* v. *Hill*, 2 Nev. & Man. 747; *S. C. 5* B. & Ad. 1.   *Wood* v. *Waud*, 13

Jur. 472; *S. C.* 3 Exch. 748. 3 Kent Com. (6th ed.) 439. Angell on Watercourses, § 136.

It is conceded in the present case that, by the mode in which the defendant conducts his business, a large quantity of poisonous and corrosive substances is permitted to run into the water of the stream on which the plaintiff's and defendant's manufactories are both situated, which defiles and corrupts the water to such an extent that the machinery of the plaintiff is corroded and destroyed, and the use of the water for reasonable and proper purposes is impaired and prevented. We know of no rule or principle of law by which such a mode of appropriation of a running stream, in the absence of any proof of a paramount right or title, can be justified or excused as against a riparian owner of land on the same stream below. No fact appears in this case from which any right by grant, prescription or adverse use is shown to exist, by virtue of which the defendant can claim to use the stream otherwise than as a riparian owner, entitled to the natural and ordinary rights and privileges which usually and legally attach and belong to the owner of land on the banks of a watercourse. It is clear, therefore, that he has been guilty of an infraction of the plaintiff's rights.

The right of the latter to equitable relief is clear and unquestionable. The acts of the defendant tend to create a nuisance of a continuous and constantly accruing nature, for which an action of law can furnish no adequate relief. Angell on Watercourses, §§ 444–446. *Bemis* v. *Upham,* 13 Pick. 169. *Hill* v *Sayles,* 12 Cush. 454. *Perpetual injunction granted.*